United States District Court
For the Northern District of Illinois

Michael Jackson
    Pro se Defendant   )
                                 )    Case No. 07cr-50058-1
                                 )
v.                               )
                                 )    **FILED**
United States of America )
    Respondant        )    AUG 1 3 2008
                                 )    MICHAEL W. DOBBINS
                                    CLERK, U.S. DISTRICT COURT

## Motion To Withdraw Plea

Now comes, Michael Jackson Pro se defendant in the above entitled cause, in the interest of Justice and the Public reputation of the Judicial Process, move this Honorable court for permission to withdraw the Plea Agreement which was unintelligently signed May 14, 2008.

The reason for this motion to withdraw the entered Plea of Guilty is due in part that the district court lacks Jurisdiction of law to impose a sentence under Title 18 U.S.C. 1951 (a) and Pursuant to Rule 11 (e), I involuntarily and unknowingly waived to collaterally attack my sentence on appeal, where I believed that I was only waiving my right to go to trial, not waiving <u>all</u> my appeal right(s). This entire criminal matter began as violation of Class X felonies Pursuant to Illinois Statute 720 ILCS 5/18-2 where Pro se Defendant Michael Jackson was indicted 11-26

(1)

2007 and subsequently arrested pursuant to Illinois Statute 720 ILCS 5/18-2, ultimately the State of Illinois allowed the Federal government to disrupt the constitutional guaranteed rights outlined in the 5th and 6th Amendments (Due Process and the right to a fair trial) in that Proceeding's absent an authority of law in violation of Title 40 U.S.C. 3112 previously 255, where there were no indication of acceptance of jurisdiction on behalf of the Federal government by filing a notice of acceptance with the legislative body of the State of Illinois regarding this matter. There is no presumption in favor of and the basis for jurisdiction once challenged must be affirmatively shown. Hanford v. Davis, 163 U.S 273, 16 S. Ct. 1055, 14 L.ed. 157 (1896) Lack of jurisdiction cannot be waived), Glidden v. Zdanok, 370 U.S. 530, 535-37 (1962)

The federal government must first establish special maritime and Territorial jurisdiction of the united states, defined in Title 18 U.S.C. 7 of the federal rules of criminal procedure, or Title 40 U.S.C. 3112 (previously 255), for the united states district court to allow the federal government to exercise jurisdiction over offenses occurring "without" the united states, without first establishing Title 18 U.S.C. 7 and/or Title 40 U.S.C. 3112, which is an abuse of authority which was not delegated to the united states by the constitution nor the people.

What law governs? What constitutes interstate commerce is a federal question controlled by decisions of the united state supreme court, neither legislature nor the courts of any state can define

(2)

what is or is not such a burden upon interstate commerce as to constitute a violation of the commerce clause. Ingalls Iron Works Co. v. Birmingham 248 Ala. 417, 27 So. 2d. 788 (1946)

whether commerce is interstate and subject to the regulatory powers of congress or interstate and subject to state control, should be determined from it's essential character. Consolidated Edison Co. of New York v. N.L.R.B. 305 U.S 197, 59 S.ct 206. 83 L.ed 126 3 L.R.R.M. (BNA) 645 1 lab case (cch) 17038 (1938)

Walker v. Vermont ParoleBd. 157 Vt. 72, 196 A 2d 1277 (1991)

In a criminal prosecution where the federal government is the moving party, it must not only prove ownership of the property upon which the crime was committed but it must also produce documentation that the state had ceded that property as well as jurisdiction to it thereby waiving all state jurisdiction over said property.

The united state supreme court has addressed this issue and held that: where land are acquired without cosent the possession of the united states, uless political jurisdiction be ceded to them in some way, is simply that of an ordinary proprietor. Adam v. united States, 319 U.S. 312 63 S.Ct. 87 L.ed. 1421(1943)

see also united v. grant, 318 F. Supp. 2d 1042 (D. mont 2004)

No Jurisdiction exist in the federal united States to enforce criminal laws within any state until consent to accept jurisdiction over acquired lands has been filed on behalf and in behalf of the united states as provided in Title 40 U.S.C.S 3112 (previously 255) as private law of district, and the fact that the state authorized the

(2)

Federal government to take Jurisdiction is immaterial Adams supr united States v. King 781 F. Supp. 315 (D.N.J. 1991) Pursuant to 15A Am Jur 9. However a but-for casual chain from an activity to aggregate impact of every attenuated effect may not justify allowing federal Regulation of activity which is truly local and the commerce clause may not be used to completely obliterate the Constitutions distinction between National and local authority. U.S. v. Morrison. 120 S.Ct. 1740, 144 ed. law Rep 28. 82 fair empl. Prac. cas. (BNA) 1813 (U.S. 2000); Gilbert v. Babbi 2000 WL 726073 (4th Cir. 2000) Allied local and regional mfrs. cauu v. U.S. e.P.A 2000 WL 737750 (D.C. 2000) (congress may not regulate noneconomic, violent criminal conduct based solely on that conducts aggregate effect on interstate commerce)

Therefore, federal Jurisdiction is lacking giving the fact that the State of illinois authorized the federal government to interrupt the Due Process Proceedings within the States of illinois unconstitutionally by way of it's Assistant united states Attorney's actions is immaterial based on the fact that Jurisdiction was not Properly ceded and accepted as Prescribed by the constitution and by law.

Pursuant to 15A Am Jur 14. Nor may concurrent powers of federal/state to regulate commerce be enlarged or diminished by the exercise or nonexercise of state Power. US v. Darby. 312 U.S. 100, 312 U.S. 657, 61 S.Ct. 451, 85 L.ed. 609, 132 A.L.R. 1430 (1941) U.S. v. Lopez. 514 U.S. 549, 115 S.Ct. 1624, 131 L.ed. 2d 626. 99 ed. Law Rep 24 (1995)

(4)

It is clearly evident in each of the instances that the federal government has listed, with respect to the mentioning of the business names, what was reportedly robbed in those business(s) includ with the dates the reported robberies occurred, has failed to show a nexus in those specific robberies to those businesse(s), and ho acts Obstructed, delayed, and effected commerce and the moveme of articles and commodities in commerce as defined in Title 18 U.S.C. 1951 (a)

Pursuant to 15A Am Jur 16. The regulatory power of congress over interstate and foreign commerce does not attach until such intercourse begins and cases when interstate and foreign commer intercourse ends. Carter v. Carter Coal Co, 298 U.S. 238, 56 S.Ct 855, 80 L.ed. 1160 (1938) Wallace v. Currin 95. F 2d. 856 (C.C.A 4th Cir. 1938) Although the commerce clause authorizes congress to regulate interstate commerce directly, it does not authorize congre to regulate state government regulation of interstate commerce pursuant to the necessary and proper clause or enlarge the specific Jurisdicti of federal courts in Admiralty. Printz v. U.S. 521 U.S. 898, 11 S.Ct. 2865, 138 L.ed. 2d. 914 (1997) Oseredzuk v. Warner Co, 354 F. Supp. 453, 1972. A.M.C. 2007 (e.d. Pa 1972). Aff d. Doran v Lee 287 F. Supp. 807 (W.D. Pa. 1968)

In order for an act of congress to supersede a state statute, th consent must be direct and positive, so that the two acts canno be reconciled or consistently stand together. Huron Portland cement Co. v. City of Detroit Mich, 362 U.S. 440 S.Ct. 813, 4 L.ed. 2d 852

(5)

1 Env't Rep. Cas (BNA) 1016, 78 A.L.R. 2d 1294 (1960)
The Criminal Procedure Process was nearly sixty (60) days within it's Due Process in Presenting criminal charges against pro se defend where under the Constitution Defendant has a right to a Speedy and Public Trial, by and an impartial jury of the state and District wherein the crime shall have been committed, as well the Defendant nor be deprived of life, liberty, or property without Due Process of law. The Circuit court of Illinois within the county of Winnebago had begun proceedings to bring Charges and Presentment of indictment under 720 ILCS 5/19-2 and was sixty (60) days within that process before this matt was unconstitutionally interrupted and placed under federal jurisdicti which can only be viewed as Vindictive Prosecution. This Honorable court must examine it's Jurisdiction and determine if the unconstitutional transfer of these young men over to federal jurisdiction was solely based on race. The court must determine if the amount of individuals turned over by the state of Illinois to the federal government is equally proportion to the overall spectrum and no just targeting African Americans. In the courts re-evaluation of Jurisdiction, the main unanswered question the court must consider is that pro se defendant Michael Jackson is twenty-one (21) years of age with no extensive criminal background or History, that warrants the state of Illinois to relinquish Jurisdiction unconstitutionally over to the federal government with full intent and purpose none other than to extract from

(6)

this venture a lengthy sentence for crimes within the state of Illinois, where the federal government has no vested interest in the property, person(s) or land where alleged crimes occurred where said acts are municipally legislated within the state of Illinois, where he was born, resides and where reported robberies occurred.

Pursuant to 15a Am Jur 2d 29. The states retain exclusive control over that commerce which is completely internal, which is carried on between one person and another in a state, and which does not extend to or affect other states. Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.ed. 2d 290, 1 empl. Prac. Dec. (cch) 9713 (1964) W.J Seufert land Co. v. national restuarant supply Co. 266 or. 92, 511 P. 2d 363 (1973) U.S. v. Harrington 108 F. 3d 1460 (D.C. cir 1997) State v. Jacksonville Terminal Co. 96 Fla. 295, 117 So. 869, 59 A.L.R. 334 (192·) Western Union Telegraph Co. v. lee 174 Ky. 210, 192 S.W. 70 (19·) Ingram v. Hughes 170 S.C. 1, 169 S.E. 425, 87 A.L.R. 1385 (1933). A contract of sale between citizen(s) of different states is not a subject of interstate commerce merely because it was negotiated between citizens of different states or by the agent of a company in another state when the agreement itself is to be completed and carried out wholly within the borders of a state. ware and leland v. Mobile County 209 U.S. 405, 28 S.Ct. 526, 52 L.ed. 855 (1908) People v. Cole 187 Cal. App. 2d Supp. 847, 9 Cal. Rptr. 788 (super ct. 1960)

(7)

a transaction does not lose it's intrastate status because the total activities from which the local transaction derives may have incidental interstate attributes. <u>Department of Treasury of State of Indiana v. Wood Preserving Corp</u> 313 U.S. 62, 61 S.Ct. 885, 85 L.ed. 1188 (1941) <u>Martin Ship Service Co. v. City of Los Angeles</u> 208 P. 2d 389 (Cal. App. 2d Dist, 1949) <u>Gross Income Tax Division v. W.B. Conkey Co.</u> 228 Ind. 352, 90 N.E. 2d 805 (1950) However for taxation purposes at least, the purpose of the goods in one state and their subsequent transportation to another state does not, in and of itself render the sales transaction interstate commerce. <u>McGoldrick v. Berwind-White Coal Mining Co.</u> 309 U.S. 33, 60 S.Ct 388, 84 L.ed. 565, 129 A.L.R. 876 (1940) <u>McLeod v. J.E. Dilworth Co</u> 205 Ark. 780 171 S.W. 2d 62 (1943) <u>Nippert v. City of Richmond</u> 327 U.S. 416, 66 S.Ct. 586, 90 L.ed 760, 167 A.L.R. 844 (1946) <u>City of Clifton v. Weber</u> 84 N.J. Super 333, 202 A. 2d 196 (App. Div. 1964) <u>Fort Leavenworth R. Co. v. Lowe</u> 114 U.S. 525, S.Ct. 995 (1885) In essence, these cases among many others, hold that jurisdiction of any particular state is co-extensive with it's borders or territory, and all persons and property located or found therein are subject to such jurisdiction this jurisdiction is superior.

(8)

The federal government has no Police Power. In June 1957 the government of the United States published a work entitled, Jurisdiction over federal Areas within the States, Report of the Interdepartmental committee for the study of Jurisdiction over federal areas within the States, Part II, therein the committee stated, the constitution gives express recognition to but by one means of federal acquisition of legislative jurisdiction by state consent under <u>Article I § Clause 17</u>. Justice McLean suggested that the constitution provided the sole mode for transfer of jurisdiction and that if this mode is not pursued, no transfer can take place. Id. at 41. It scarcely needs to be said that unless there has been a transfer of jurisdiction (1) pursuant to <u>Clause 17</u> by a federal acquisition of land with State consent, or (2) by cession from the State to the federal government, or unless the Federal government has reserved jurisdiction upon the admission of the State the Federal government possesses no legislative jurisdiction over any areas within a state, such jurisdiction being exercised by the state subject to non-interference by the state with federal functions." Id. at 45. On the other hand, while the federal government has power under various provisions of the constitution to define and prohibit as criminal, certain acts or omissions occurring anywhere in the united state. It has no power to punish for various other crimes jurisdiction over which is retained by the state under our federal state system of government, unless such crimes occur on areas as to which

(9)

legislative jurisdiction has been vested in the federal government Id. at 107. United States v. Lopez 115, S.ct. 1624 131 L.ed 2d 626 57 CLR 2033 (1995)

Pursuant to 15A Am Jur 55. The transportation of a product from one state to another pursuant to the operation of a retail business in the latter state does not indicate that a retail dea. is engaged in interstate commerce and thus a purchases made outside of a state of products sold within the state do not change the character of ones business from intra state to interstate, when such purchases are merely incidental to one. Principal business. Mitchell v. Clowser 153 W. Va. 552 170 S.E 2d 753 (1969) It is a well established Principle of law that all federal legislative applies only within territor Jurisdiction of the United States unless a contrary intent appear see. Caha v. United States 152 U.S. 211, 215, 14 S.ct. 513 (1894) American Banana co. v. United Fruit co 213 u.s. 347, 357. 29 S.ct 511 (1909) United States v. Bowman 260 u.s 94, 97, 98, 43 S.ct. 39 (192 Blackmer v. United States 284 U.S. 421, 437, 52 S.ct. 252 (1932) Foley Bros v. Filardo 336 U.S. 281, 285 69 69 S.ct. 575 (1949) and United States v. Spelar 338 U.S. 217, 222, 70 S.ct 10 (1949) United States v. First National City Bank 321 F. 2d 14, 23 (2nd Cir. 1963) and this principle of law is expressed in a numb of cases from Appellate Courts, See McKeel v. Islamic Republi of Iran 722 F. 2d 582, 589 (9th Cir 1983) (Holding that foreign Sovereign Immunities Act as territorial)

Meredith v. United States 336 F. 2d 9, 11 (9th cir. 1964)(Holding that federal Tort Claims Act as territorial) United States v. Cotro 537 F. 2d 708, 711 (2nd cir. 1975) holding that the wiretaps la as territorial) Thomas v. Brown and Root Inc. 745 F. 2d 279, 281, (4th cir 1984) (holding same as Cleary, supra) Pfeiffer v William Wrigley Jr. Co., 755 F. 2d 534, 557 (7th cir 1985) (Holding that age Discrimination laws as territorial). Pursuant to 15A Am Jur 62. contracts by brokers for the sale of Products or commodities for future delivery, when the transactions are closed by contracts completed in on state, although the orders are received from another state are not the subject of interstate commerce. Dickson v. Uhlmann Grain Co. 288 U.S. 53 S.Ct. 362 77 L.ed 691, 83 A.L.R. 492 (1933). Pursuant to 15A Am Jur 76. The determination of whether goods are transported in interstate commerce looks to whether the entire transportation was continuous. Century Indem Co v. Carlson 133 F. 3d 591 (1998) Intent, while not alone conclusive is probably the most important single determinant of continuous U.S. v. Erie r.. Co. 280 U.S. 9950 S.Ct. 51, 74 L.ed. 187 (1929), Chicago M. St. P and P R. Co. v. Campbell River Mills Co. 53 F. 2d 69 (C.C.A. 9th cir.1931) Pennsylvania R. Co. Public Utilities Commission of Ohio 298 U.S. 170, 56 S.Ct. 687, 80 L.ed. 1130 (1936)

(11)

As to count fourteen (14) and all subsequent counts in the indictment relating to Pro se Defendant Michael Jackson, it's is evident and a matter of fact that Soto's Jewelry store located at 1126 South Main Street, Rockford, Illinois is a licensed retail store incorporated to do business in the state of Illinois within the county of Winnebago, which sells jewelry and that the date August 2, 2007 the day the store was reported robbed had merchandise, goods and/or articles put on display in the store for sale.

As to count twelve (12) and all subsequent counts in the indictment relating to Pro se Defendant Michael Jackson, it is evident and a matter of fact that Englewood Beauty Supply located at 515 Marchesano Drive, Rockford, Illinois, is a licensed retail store incorporated to do business in the state of Illinois within the county of Winnebago, which sells merchandise in the state of Illinois within the city of Rockford, and that the date of July 31, 2007 the day the business was reported robbed had merchandise, goods and/or articles put up on display in the store for sale. Pursuant to 15A Am Jur 67 Termination of protection afforded by the Original Package Doctrine ceases if,

1) the imported article is sold even though the merchandise is in the hands of the purchaser remains in the original package,

2) the container is opened and smaller packages removed therefrom and offered for sale.

(12)

3) The original package are put up for sale and so deal with as to make them apart of the common mass of the property.
4.) The recipient of the packages has an unexecuted intention to reopen it and sell the contents.

Pursuant to 15A Am Jur 69 the beginning of the transit constitute interstate commerce, is the time at which and article is started on it's passage. This when the article have been delivered or tendered to a common carrier for export although on a local bill of lading. See Federal compress and warehouse Co. v. McLean 291 U.S. 17, 54 S.Ct. 267 78 L.ed 622 (1934) Missouri K and T Ry. Co. v. Ashinger, 1916 OK. 1043, 63 OKLA. 120. 162 F. 814 (1916) Hammer v. Dagenhart 247 U.S. 251, 38 S.Ct. 529, 62 L.ed. 1101, 3 A.L.R, 649 (1919) where a truck carrying a load to a purchaser in interstate commerce and on it's return trip after having completed the load is incidental to interstate commerce. Where it is a well known fact that the purported article that could be considered apart of the interstate spectrum had clearly traveled and came to rest, where the interstate characteristics had ceased and therefore been terminated to exist, where it is known as a matter of obvious knowledge that the merchandise, goods and/or articles were plainly put up within each of the specific business(s) within the state of Illinois within the county of Winnebago, and city of Rockford

(13)

on display for sale at the reported time of robberies where interstate commerce had cease to exist at the time of said robberies to each of the listed retail store. Pursuant to 15A Am Jur 72 interstate commerce ordinarily continues until it reaches the point where the parties originally intended the movement of the merchandise, goods or articles should finally end. In other words, the transportation of the goods usually is not complete until the shipment arrives at the point of destination and is there delivered. See Brown v. Maryland 25 U.S. 419 (1827) Binderup v. Pathe exchange Inc 263 U.S. 291, 44 S. Ct. 96, L.ed. 308 (1923) Gambino v. Jackson 150 W. Va. 145 S.E. 2d 124 (1965) Law v. Austin 80 U.S. 29 (1872)

The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the states U.S.C.A Const. Art. I § Cl. 3 U.S. v. Morrison 120 S.Ct. 1740 146 L.ed 2d 658, 144 ed. law Rep. 28 (U.S. 2000) Pursuant to 15A Am Jur 94 congress may not regulate every matter pertaining to interstate commerce for example, it cannot regulate matters between two private parties or transaction in which states act as a market participants, such as when it manufactures and sell products in the private sector, although congress power is broad and sweeping it's not a general police power, such a general power is reserved to the states.

(14)

See Brzonkala v. Virginia Polytechnic Institute and State Universi 169 F.3d 820, 136 ed. law Rep. 15 (4th cir. 1999) U.S. v. Brown 74 F. Supp. 2d 637 (S.D.W.Va. 1998) U.S. v. Lankford 196 F.3d 563 (5th cir. 1999) Crimes directed toward and individ violates the Hobb Act, which prohibits interference with commerce by threats or violence only if

1.) the acts deplete the assets of an individual who is directl and customarily (as a matter of habit) engage in interstate commerc

2.) the acts cause or create the likelihood that the individua will deplete assets of an entity engaged in interstate commerce

3.) or the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce.

Under the deplete the assets theory the federal government need only show a de minimis nexus on how acts affected interstate commerce and to insure that a fair and honest impartiality to this rule has been shown, all businesse(s) in relation to the instant offense must as a matter of tradition in Hobb Act cases, the owner or manager must take the stand and testify that bussiness robbed deals directly and customarily in interstate commerce.

Pro Se Defendant Michael Jackson contends that the federal government has failed to have owners or managers of said bussinesse(s) that were reported robbed testify before a grand jury or before this Honorable court that there bussinesse(s) engage

(15)

in interstate commerce where the above three (3) point prong have been satisfied minus any stretch of authority to garnish jurisdiction under this act, where the mere presentment of charges and/or indictment without jurisdiction doesn't justify jurisdiction where the federal government's indictment has failed to meet the three point prong relating to Pro Se defendants Michael Jackson alleged robberies.
Lastly in <u>Glidden v. Zdanok</u> 370 U.S. 530 (1962) at 719 that judges who might be confirmed for other court's might never pass muster for onerous and life-or-death duties of Article III judges. The standard procedure today is for a state citizen without federal criminal liability, to be subjected to federal so called indictment "so called trial, before an Article I or IV court without criminal jurisdiction, without territorial jurisdiction, without personal jurisdiction, without subject jurisdiction on issues without legislative jurisdiction, is absence of judicial jurisdiction and in violation of the "exclusive jurisdiction" of the state wherein citizen resides."
The Supreme court Held; it is as much the duty of government to render prompt justice against itself in favor of citizens, as it is to administer the same between private individuals." <u>Glidden supra</u>, at 689 (emphasis added)

(16)

The Pro se Defendants Michael Jackson was never fully apprised of his constitutional and statutory rights by counsel, regarding his indictment and subsequent plea, his attorney of record never fully investigated and/or disclose whether the listed businesse(s) were licensed and incorporated to do business with the Secretary of State for the State of Illinois, nor did attorney of record explain clearly the full spectrum in regard to purported interstate commerce charges, rendering the plea unknowing and involuntary because had Pro se defendant Michael Jackson been fully apprised he would of never taken the plea, and it is because of this lack of knowledge of intelligently explained plea on behalf of counsels ineffectiveness, the plea is unconstitutional therefore rendering said plea null and void. That any sentence imposed would be a void judgment and commitment order. A Judgment and commitment order that was signed without be unequitable. A Judgement and commitment order that would be unenforceable under <u>Article II</u> of the united state Constitution.

## Conclusion

Wherefore, for the above stated reasons Pro Defendant Michael Jackson move this Honorable court to Protect his Constitutional Rights by vacating and setting aside the Plea aggrement. I so Pray.

Respectfully submitted

_____

Michael Jackson

## Certificate of Service

I, Michael Jackson Pro se Defendant in the aboved cause certify that I caused two (2) copies (Affidavit in Support of motion to withdraw plea, and motion to withdraw plea) via delivered by U.S. Postage Mail and/or hand delivered to the Clerk of the untied States District court for the Northern District of Illino this August day of 11, 2008.



Judge Reinhard
211 S. Court St
Rockford IL 61101

Michael Jackson
P.O. Box 217
Oregon IL 61061