UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| vs. | ) | NO. 07-CR-50058-02 |
| | ) | |
| **MICHAEL JACKSON**, | ) | MICHAEL JACKSON'S OBJECTIONS |
| | ) | TO PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |

**NOW COMES** Michael Jackson, the Defendant herein, by and through Michael J. Phillips, his duly appointed counsel of record herein, and hereby files the following Objections to the Presentence Investigation Report (hereinafter referred to as the "PSI") previously issued herein by United States Probation Officer Ron Jacobs:

1) Page 7, Lines 218 through 220: The Presentence Investigation Report refers to the owner of the Englewood Beauty Supply store as "her" whereas in reality the owner of said store present during the robbery was a 50 year old non-Hispanic white male named Won H. Han according to Rockford Police Department Incident Report No. 07-222699.1 (and disclosed by the Prosecution herein as Bates Page Number 105607-000233). Mr. Jackson requests that the reference be changed from "her" to "him" on Lines 218 and 220 and from "her" to "his" on Line 219.

2) Page 10, Lines 298 through 301: Michael Jackson objects to the application of a two (2) point enhancement for "physically restraining" the victim of the robbery because the evidence and information provided does not establish that the victims were wither physically touched (such as being tied up or bound) nor does the evidence establish that the victims were confined to a small room and prevented from leaving that small room by either verbal threats or physical actions of the defendants. See United States v. *Doubet*, 969 F.2d 341, 346 (7th Cir. 1992); *United*

*States v. Infelise*, 835 F.Supp. 1466, 1491 (N. D. Ill. 1993). For further citations and arguments in support of Defendant's position on this issue, please see the Sentencing Memorandum filed this date.

    3) Page 11, Lines 328 through Line 334: Michael Jackson objects to the application of the Six (6) point enhancement under U.S.S.G. § 2B3.1(b)(2)(B) because he allegedly "otherwise used a firearm" when he stood guard over the witnesses when they were lying on the floor as such is merely brandishing a weapon and not "otherwise using" a firearm. The Court should assess only a Five (5) point enhancement under U.S.S.G. § 2B3.1(b)(2)(C). For further citations and arguments in support of Defendant's position on this issue, please see the Sentencing Memorandum filed this date.

    4) Page 13, Lines 388 through 392: For the same reasons as described in Paragraph 2) above, Mr. Jackson objects to the assessment of the Six (6) point enhancement and requests that this Honorable Court assess only the Five (5) point enhancement under U.S.S.G. § 2B3.1(b)(2)(C).

    5) Page 15, Lines 467 through 477: Mr. Jackson objects to the inclusions of any criminal charges that were dismissed and for which he was not fund guilty of committing since these form no part of his Criminal History Category. If not counted as part of his Criminal History and having no admission nor judicial finding of validity, this wording should not be included as Relevant Conduct in the Pre-Sentence Investigation Report and should thus be stricken therefrom.

    6) Page 23, Line 587 through Line 602: Mr. Jackson objects to the inclusion in the PSI and this Honorable Court's consideration of any of the information contained therein as unreliable and uncorroborated hearsay contained within police reports and Mr. Jackson having no

opportunity to confront the alleged speakers. This wording should not be included in the Pre-Sentence Investigation Report and should thus be stricken therefrom. Further, such material does not contain any information that any court has deemed reliable or trustworthy. This information is pure unsubstantiated and unproven hearsay and Mr. Morris does not have any opportunity to challenge his faceless accusers or providers of information.

     7) Page 23, Line 608 through Line 612: Mr. Jackson objects to the inclusion in the PSI and this Honorable Court's consideration of any of the information contained therein because none of the information reflects convictions of Mr. Morris that count towards the Criminal History category (these allegations were dismissed upon the Motion of the State). If not judicially proven or admitted and thus not counted as part of his Criminal History this wording should not be included in the Pre-Sentence Investigation Report and should thus be stricken therefrom. Further, such material does not contain any information that any court has deemed reliable or trustworthy. This information is pure unsubstantiated and unproven hearsay and Mr. Morris does not have any opportunity to challenge his faceless accusers or providers of information

     8) Page 25, Line 639 through Page 31, Line 783: Mr. Morris objects to the inclusion in the PSI and this Honorable Court's consideration of any of the information contained therein because none of the information reflects convictions of Mr. Morris that count towards the Criminal History category. If not admitted nor judicially found as valid and not counted as part of his Criminal History this wording should not be included in the Pre-Sentence Investigation Report and should thus be stricken therefrom. Further, such material does not contain any information that any court has deemed reliable or trustworthy. This information is pure unsubstantiated and unproven hearsay and Mr. Morris does not have any opportunity to challenge his faceless accusers or providers of information

9) Mr. Jackson objects to the Pre-Sentence Investigation Report's complete failure to even list the seven statutory sentencing factors pursuant to 18 U.S.C. § 3553(a)(1) through (7) factors as well as the Pre-Sentence Investigation Report's failure to state how each of those seven (7) statutory sentencing factors applies to Mr. Jackson. Such failure unreasonably overstates the affect of the United States Sentencing Guidelines and thus deprives this Honorable Court of an "impartial" review of the key issues applicable to the sentencing of Mr. Jackson.

10) Page 39, Lines 1039 and 1040: Mr. Morris objects to the Probation Officer's comments that he "has no information concerning the offense or the defendant which would warrant a departure from the advisory sentencing guidelines". Mr. Jackson believes that the record is replete with sufficient facts to justify a statutory sentence lower than the guidelines sentencing range (previously known as a downward departure form the United States Sentencing Guidelines) including but not limited to his current home situation and the children dependent upon him, the facts of his deprived upbringing, the lack of a strong, positive male role model during his childhood which contributed to his early participation in criminal activity with the wrong type of "friends," the affect of an early Violent death of his brother, the federal incarceration of his two brothers, *et al.* All of these valid reasons will be fully set forth in Mr. Jackson's Sentencing Memorandum.

**WHEREFORE**, Michael Jackson respectfully requests that this Honorable Court sustain each of the Objections discussed above and exclude from consideration during the Sentencing Hearing to be held herein all of the text of the PSI as specified in said Objections.

> Respectfully Submitted,
>
> Michael Jackson, Defendant
>
> By:  ___/s Michael J. Phillips_____
> Michael J. Phillips
> Attorney for Michael Jackson

## PROOF OF SERVICE

The undersigned certifies that he served a true, correct and complete copy of the above and foregoing "Michael Jackson's Objections To Presentence Investigation Report" on the following interested individuals:

> Mr. Michael Iasparro
> Assistant United States Attorney
> 308 West State Street, Suite 300
> Rockford, IL 61101

Service was accomplished on Wednesday, August 27, 2008, pursuant to the Northern District of Illinois Electronic Case Filing System (ECF) as to all counsel who are Filing Users with respect to this matter.

> /s/ Michael J. Phillips
> Michael J. Phillips
> Attorney for Michael Jackson
> 10 North Galena Avenue, Suite 210
> Freeport, IL 61032-4360
> (815) 378-1479